20101

STATE of South Carolina, Plaintiff-Appellant-Respondent, v. SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, Defendant-Respondent-Appellant (two cases).

(219 S. E. (2d) 80)

*Messrs. Daniel R. McLeod, Atty. Gen., H. Kelley Jones* and *G. Ron Wenzell,* of Columbia, *for Plaintiff Appellant-Respondent, as Appellant,* cite:

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *for Defendants Appellants-Respondents, as Respondents,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., H. Kelley Jones,* and *G. Ron Wenzell,* of Columbia, *for Plaintiff Appellant-Respondent,* in Reply.

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *for Defendants Appellants-Respondents, as Appellants,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., H. Kelley Jones,* and *G. Ron Wenzell,* of Columbia, *for Plaintiff Appellant-Respondent, as Respondent,* cite:

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *for Defendants Appellants-Respondents,* in Reply.

October 7, 1975.

LITTLEJOHN, Justice.

These actions were brought February 20, 1973, for the collection of retaliatory fees alleged to be due the State of South Carolina under § 37-132 of the Code of Laws of South Carolina for 1962, as amended, often referred to as the Retaliatory Statute. The defendants are two Mississippi insurance corporations, Southern Farm Bureau Life Insurance Company (Life), and Southern Farm Bureau Casualty Insurance Company (Casualty), doing business in South Carolina. By consent, the two cases were tried together and are here on appeal together, raising the same issues for determination by this Court.

Sixteen causes of action have been asserted against Life and fourteen causes of action against Casualty. For the purpose of this appeal the actions may be summarized as claims for additional license fees due by reason of the defendants' improperly taking investment credits pursuant to Code §§ 37-123 and 37-125, interest and penalties, plus fees due the State because the defendants failed to include in their calculation of the retaliatory fee schedule a sum equal to the amount of income tax a South Carolina insurer would

have paid to the State of Mississippi. The claims involve the years 1963 to 1971, inclusive.

The lower court ordered that the defendants pay additional amounts for a three-year period only, ruling that our three-year statute of limitations, set out in § 65-5.1, applies* The plaintiff and both defendants have appealed. It is the contention of the defendants that the lower court erred in ordering additional amounts paid; it is the position of the plaintiff that the lower court erred in applying the three-year statute of limitations instead of a ten-year statute of limitations.

South Carolina has two investment credit statutes which provide for the reduction of the 2% graded license fee applied to foreign insurance corporations; § 37-123 applies to foreign life insurance companies, and § 37-125 applies to foreign fire, accident and health, casualty, surety, or other companies.

In 1965 and again in 1966, the Attorney General of South Carolina filed opinions in which he interpreted § 37-132 as not permitting retaliation against insurance companies whose states did not have investment credit statutes similar to those in South Carolina. He reasoned that foreign insurance companies, by investing in South Carolina bonds, etc., were paying a tax in an alternate form, and therefore retaliation should not be allowed. In 1969, the Attorney General overruled his former opinions and took the position that retaliation was appropriate.

In 1972, the Insurance Department of South Carolina, in *Lindsay v. Southern Farm Bureau Cas. Ins. Co.*, 258 S. C. 272, 188 S. E. (2d) 374 (1972), sought and obtained a declaratory judgment to determine the interaction between § 37-132 (the Retaliatory Statute) and §§ 37-123 and 37-125 (the Investment Credit Statutes). That action was initiated because Mississippi (which had a 3% license

---

* In the alternate the court ruled that § 65-322 would also be a bar.

fee) did not allow South Carolina insurers, licensed in Mississippi, to receive reductions for investments in that state. This court held that the Retaliatory Statute applied, thereby denying Mississippi insurance companies the right to receive reductions because of their investments in South Carolina. It was held that the purpose of the Retaliatory Statute is to protect South Carolina insurance companies doing business in other states. By so holding, we subjected foreign insurance companies to the same burdens experienced by South Carolina insurance companies doing business in the foreign state. Pursuant to *Lindsay v. Southern Farm, supra,* the South Carolina Insurance Department made demand upon Life and Casualty for the monies now sought in these actions. It is the contention of the plaintiff herein that monies are due as a result of Mississippi's failure to allow investment credits to, and by reason of Mississippi's assessment of income taxes against, South Carolina Insurance Companies.

At the time of this Court's ruling in *Lindsay v. Southern, supra,* § 37-132 read as follows:

"Increase of fees, etc., to those charged by other states.— Whenever the laws of any other state of the United States shall require of insurance companies chartered by this State and having agencies in such other state, or of the agents thereof, any deposit of securities in such state for the protection of policyholders or otherwise or any payment of penalties, certificates of authority, license fees or otherwise, greater than the amount required for such purposes from similar companies of other states by the then existing laws of this State, all such similar companies of such states establishing or having theretofore established an agency or agencies in this State shall make the same deposit for a like purpose with the Commissioner and pay to the Commissioner, for penalties, certificates of authority, license fees, filing fees or any other fees, an amount equal to the amount of such charges imposed by the laws of such state upon companies of this State and the agencies thereof."

After our decision in *Lindsay v. Southern, supra,* the General Assembly, on July 14, 1972, amended this section by adding the following:

"Provided, However, that all license fees and charges made pursuant to this Section shall be reduced to the extent of investment credits granted by Sections 37-123 and 37-125."

In their answers, filed in November 1973, Life and Casualty took the position that the amendment of July 14, 1972, was retroactive in its effect. Thereafter, on July 9, 1974, in the case of *Lindsay v. National Old Line Insurance Company,* 262 S. C. 621, 207 S. E. (2d) 75 (1974), this Court held that the amendment was not retroactive. Life and Casualty now concede that our ruling was dispositive of the issue.

Life and Casualty now take the position that *Lindsay v. Southern Farm, supra,* being a declaratory judgment only, is not retroactive in its effect. They ask the Court to hold that our opinion is to be applied prospectively only. We think the position is untenable. Our ruling was not the making of new law for prospective application; it was the construction of a statute which had been the law since its enactment in 1934 and was the law until the July 14, 1972 amendment. Accordingly, we find the exception without merit and hold that our opinion in *Lindsay v. Southern Farm, supra,* was retroactive in its nature and effect.

Life and Casualty next contend that the State should be estopped from bringing this action because of the 1965 and 1966 opinions of the Attorney General. This contention cannot be sustained because, first, the defendants have not proved the essential elements of estoppel, see *Frady v. Smith,* 247 S. C. 353, 147 S. E. (2d) 412 (1966). Secondly, and more importantly, the position cannot be sustained because the doctrine of estoppel should not be applied to deprive the government of the due exercise of

its police power, or to affect revenues. *Heyward v. South Carolina Tax Commission,* 240 S. C. 347, 126 S. E. (2d) 15 (1962); *Powell v. Board of Commissioners of Police & Annuity Fund of State,* 210 S. C. 136, 41 S. E. (2d) 780, 1 A. L. R. (2d) 330 (1947).

Life and Casualty next argue that the lower court erred in holding that the Retaliatory Statute, § 37-132, permits the State to take into consideration, in assessing fees, the fact that Mississippi imposes an income tax upon South Carolina companies doing business in the State of Mississippi, whereas South Carolina does not impose an income tax upon Mississippi companies doing business in South Carolina.

They first submit that there was no finding of fact that Mississippi did require payment of income taxes by South Carolina companies, and no evidence to support the contention. We think that it is implicit in the judge's order that he considered both the computations of the State and the contentions of Life and Casualty that the computations were incorrect, and found the State's computations credible. We cannot say that his findings were unsupported by the record.

They next argue that the income tax imposed by the State of Mississippi upon South Carolina companies doing business in Mississippi is not, as a matter of law, an item for consideration under our Retaliatory Statute. A reading of the statute, quoted hereinabove, reflects that the words "taxes" and "income taxes" are not used. The statute does refer to "penalties, certificates of authority, license fees or otherwise." It requires payment to the South Carolina Insurance Commissioner "for penalties, certificates of authority, license fees, filing fees or any other fees, an amount equal to the amount of such charges imposed by the laws of such state." In *Lindsay v. Southern, supra,* this Court declared that it was the legislative intent of the Retaliatory Statute to equalize the burdens. The

statute should not be construed so as to defeat that purpose. Life and Casualty argue with some persuasiveness that the rule of *ejusdem generis* should apply, and argue that there is sufficient ambiguity to require a holding that the statute does not apply to income taxes. We think, however, that the intent of the legislature is clear to the effect that the burdens imposed upon Mississippi companies doing business in South Carolina should be equalized with the burdens of South Carolina companies doing business in Mississippi. The interpretation of the lower court, with which we agree, does just that.

Having disposed of the appeal of Life and Casualty, we now proceed to consider the appeal of the State.

It is the contention of the State that the lower court erred in imposing § 65-5.1 and/or § 65-322 as bars to the collection of the sums owed longer than three years (and being sought by the Insurance Commissioner) without Life and Casualty having pleaded these statutes of limitations in their answers. Section 65-5.1 imposes a three-year statute of limitations on assessment of additional license fees by the South Carolina Tax Commission, and § 65-322 imposes a three-year statute of limitations on the assessment of additional income taxes by the Tax Commission.

No statute of limitations was pleaded to any of the actions in the formal written answers. The judge's order reflects the following:

"An additional defense raised without objection and with the permission of this Court during the second hearing before me produced the final issue: (5) Whether retaliation against the Mississippi income tax would require this Court to apply the three-year Statute of Limitations incorporated by the Mississippi tax statutes."

Life and Casualty submit that the statute of limitations issue was raised in an oral pleading without objection. In the light of the judge's order, we accept this as being true.

However, there is nothing in the record to indicate that the applicability of § 65-5.1 or § 65-322 was pleaded orally, or considered by the court at the trial stage. The State, therefore, never had the opportunity to meet the issue.

Section 10-646, of our Code of 1962, reads as follows:

"The objection that the action was not commenced within the time limited by law can only be taken by answer."

Section 10-647 provides:

"If no such objection be taken either by demurrer or answer the plaintiff or defendant shall be deemed to have waived the objection . . . ."

The obvious purpose of requiring a litigant to plead a statute of limitations is to place his adversary on notice such that the issue may be met. We have little difficulty in concluding that an oral pleading, without objection, sufficiently placed the Mississippi Statute of Limitations before the Court. However, we are of the opinion that the issue of the applicability of §§ 65-5.1 and 65-322 was never presented to the court for a determination, by written or oral answer.

The trial judge correctly held that the law of *lex fori* is controlling in considering the statute of limitations, regardless of where the cause of action arose, and even though the action might be barred in the state in which it arose irrespective of the residence of the parties at the time the cause of action accrued. Accordingly, he properly refused to apply the Mississippi Statute of Limitations.

We think that it was error to apply, or even consider, the statute of limitations in § 65-5.1 and/or in § 65-322 and, accordingly, the exception of the State is sustained. The case is remanded to the lower court for entry of judgment in keeping with the views herein expressed.

Affirmed in part; reversed in part.

Moss, C. J., Lewis, J., and Gregory, Acting Associate Justice, concur.

Bussey, J., dissents.

Bussey, Justice (dissenting):

Not being in accord with all of the views expressed, or the result reached, in the opinion of Mr. Justice Littlejohn, I most respectfully dissent.

The liability, if any, of the two insurance companies for the sums demanded in these 30 causes of action arises solely out of our retaliatory statute, section 37-132, and the pertinent law of the State of Mississippi, where the two insurers are domiciled. The clear weight of well reasoned authority, throughout the United States, is to the effect that retaliatory statutes, such as the one here involved, are not revenue statutes, but are regulatory statutes, which are penal in nature and enacted under the police power of the state, and accordingly, are to be strictly construed, the application thereof being limited to the letter of the statute. See Annot. 91 A. L. R. 795 *et seq.;* 19 Appleman Insurance Law and Practice sec. 10-352; 73 Am. Jur. (2d) Statutes sec. 12 (1974); 43 Am. Jur. (2d) Insurance secs. 85, 86 (1969); 44 C. J. S. Insurance § 76 (1945); Dec. Dig. Insurance key nos. 19, 20. The effect of a retaliatory statute is to impose a penalty upon a foreign insurer, not for anything it has done, but for what the legislature of the state of its domicile has, or has not, done in the imposition of burdens upon foreign insurers.

Since there is a difference in the principles which are applicable to the cases involving investment credits and those based on the Mississippi income tax law, I proceed to discuss these type cases separately.

### Investment Credit Cases

In view of the 3-2 decisions of this Court in *Lindsay v. Southern Farm Bureau Cas. Ins. Co.,* 258 S. C. 272; 188 S. E. (2d) 374 (1972); and *Lindsay v. National Old Line Ins. Co.,* 262 S. C. 621, 207 S. E. (2d) 75 (1974), which

we are not asked to overrule, the principal issue which presently concerns me with respect to the investment credit cases is that of estoppel. Contrary to the opinion of Mr. Justice Littlejohn, I think the insurers in this case have proved all of the essential elements of estoppel as set forth in *Frady v. Smith*, 247 S. C. 353, 147 S. E. (2d) 412 (1966), with respect to all years prior to the year 1970. The record, to my mind, leaves no doubt that through the year 1969 the insurers acted to their detriment in reliance upon the 1965 and 1966 opinions of the Attorney General, issued in his official capacity.

Despite the general rule of law, that the doctrine of estoppel is not applicable to the extent of impairing the sovereign powers of a state in the enforcement of police measures, the instant case presents an excellent example of manifest injustice which should at least call for this Court to seriously consider the application of the doctrine of estoppel under the existing circumstances. But, in any event I respectfully submit that the doctrine of estoppel should be applied with respect to some $23,000.00 in penalties, which the State seeks to recover for the years 1970 and 1971. Such penalties are predicated upon the contention that in view of the December, 1969 ruling of the Attorney General the insurers should not have claimed investment tax credits for those years, and upon a Mississippi statute which provides for a 20% penalty for failing to timely pay the annual license or privilege tax levied by Mississippi upon foreign insurance companies.

The 1969 opinion of the Attorney General was not published until long after it was issued and such came to the attention of these insurers, indirectly, more than one year after it was issued. In view of the prior rulings of the Attorney General upon which the insurers relied, the litigation, which intervened and the legislative action, the insurers could not, and did not, know with any degree of certainty whether or not they owed the State of South Carolina, by way of penalty, any additional license fees, until the decision

of this Court in *Lindsay v. National Old Line* in 1974, long after this particular litigation was instituted. Certainly it would be manifestly unjust, under these circumstances, to require the insurers to pay the additional 20% penalty provided by the Mississippi statute. Estopping the state as to these penalties, for late payment, would not, I think, do violence to the proposition that the State may not be estopped from the enforcement of police measures.

### Income Tax Cases

The Mississippi income tax, relied upon by the State, is not, I submit, "any payment of penalties, certificate of authority, license fees or otherwise" required by the State of Mississippi of foreign insurance companies' doing business in the State of Mississippi, and hence, such is not literally within the terms of our retaliatory statute. Only the most liberal construction of our statute, as opposed to a strict construction of this penal statute, could bring the Mississippi income tax within the purview of our statute. The Mississippi income tax is imposed, not just upon insurers, but upon individuals, corporations, trustees, partnerships and estates alike. In addition to the rule that a penal statute should be strictly construed, the *ejusdem generis* rule of statutory construction should apply. The word "otherwise" in our statute obviously refers to fees similar to the ones enumerated.

Under the plain language of the statute, I think it clear that the legislature intended to retaliate only as to those obligations placed upon South Carolina insurers for the privilege of conducting the business of insurance in a given state.

It is true, as pointed out by the lower court, that there is authority for the proposition that retaliatory statutes are applied so as to consider the aggregate of all taxes of whatsoever kind imposed by the respective states upon insurers. There is quite as much, and I submit, better reasoned authority to the contrary, and indeed, the retaliatory statutes

vary considerably in their language, which necessarily brings about divergent judicial decisions or results construing the same. For instance, a case cited by the lower court as authority for the aggregate approach is *Occidental Life Insurance Company of California v. Commonwealth,* 6 Pa. Cmwlth. 532, 295 A. (2d) 853. The Pennsylvania statute there involved was quite different from our statute, that statute containing, *inter alia,* the following language:

"such company shall not be required to pay any *taxes and fees which are greater in aggregate amount* than those which would be imposed by the laws of such other state * * *." (Emphasis added)

In my view the insurers were entitled to judgments in their respective favors upon all the causes of action predicated upon the Mississippi income tax law. But failing such, these causes should be remanded for further consideration for the reason that, as the insurers succinctly point out, there is allegation that South Carolina insurers, under the same circumstances, would have owed income taxes to the State of Mississippi, but such allegation was denied and there is a total absence of any proof that such allegation is indeed factually true.

With respect to the statutes of limitation, I agree that the trial court should not have applied sections 65-5.1 and/ or 65-322 for the reason that such were not pled, and hence, we need not consider the applicability, if any, of these code sections to the present cases. On this point, His Honor reached the correct result with respect to the income tax cases in holding that recovery was limited to causes arising within three years prior to suit and he should therefor be affirmed in result.

It is unnecessary for us to consider or decide any conflict of laws issue as to which statute of limitations should apply, where two or more states are concerned. We look here to the Mississippi statute of limitations, not as a limitation upon the institution of the causes of action in this State, but as a statute fixing the limit of liability of the insurers.

Any liability to the State under section 37-132 is entirely dependent upon the law of Mississippi. Under the same identical facts and circumstances a South Carolina insurer, operating in Mississippi, if liable at all, would not be required by the State of Mississippi to pay such income tax for more than three years past, any further imposition upon South Carolina insurers, by Mississippi, being barred by the Mississippi statute if pled as here. Our retaliatory statute does not authorize the imposition of a greater burden upon a Mississippi insurer than Mississippi would impose upon a South Carolina insurer under the same facts and circumstances, and hence, the liability of the insurers here, in the income tax cases, is limited, as a matter of law, perforce the provisions of section 37-132, to such of these actions as accrued within three years prior to the commencement of these actions.

In summary, it is my view that the judgment of the lower court should be reversed as to the income tax cases and judgments entered for the defendants. Failing such, these cases should be remanded for proof and factual findings on the issue of whether South Carolina insurers, under the same facts, would have owed any income tax in Mississippi. In any event liability should be limited by Mississippi's three year statute. As to the investment credit cases, the judgment should be modified at least to the extent of eliminating the 20% late payment penalty sought to be imposed for the years 1970 and 1971.