21427

The STATE, Appellant, v. Jessie James CUMBEE, Sr., Respondent.

(277 S. E. (2d) 146)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee* and *Staff Atty. Harold M. Coombs, Jr.,* Columbia, *for . appellant.*

*Uricchio, Howe & Krell,* Charleston, *for respondent.*

April 8, 1981.

*Per Curiam:*

Jessie James Cumbee, Sr. was charged with driving under the influence, first offense. He was tried in a magistrate's court before a jury and found guilty. Cumbee appealed and the circuit court judge reversed the conviction and granted a new trial, having found, *inter alia,* that the magistrate erred by failing to quash the jury panel. The State has taken exception to the circuit judge's order. We affirm.

Following our decision in *State v. Warren,* 273 S. C. 159, 255 S. E. (2d) 668 (1979), which invalidated the procedure then used to select jurors for service in magistrates' court criminal matters, the legislature enacted Act 164, Parts III and III-A, of 1979 which provide a new juror selection procedure. The new law is designed to prevent interested parties from participating in the selection process. In this case the magistrate chose his wife to draw the potential jurors. The wife was serving as clerk on the magistrate's court at that time. We find the jury list to have been improperly drawn in this case since the magistrate's

wife was chosen in her capacity as clerk, an office she could not by law hold.

Magisterial courts are part of the State's uniform judicial system. Constitution of the State of South Carolina, Article V, Sections 1 and 23; State *ex rel. McLeod v. Crowe,* 272 S. C. 41, 249 S. E. (2d) 772 (1978). As such, magistrates are judicial officers of this State and are subject to the provision at Section 8-5-10, Code of Laws of South Carolina (1976) which states that:

"It shall be unlawful for any person at the head of any department of this government to appoint to any office or position of trust or emolument under his control or management any person related or connected with him by consanguinity or affinity within the sixth degree."

It was improper for the magistrate to appoint his wife as clerk. This being so, the duty she performed as clerk, which was specifically challenged by the respondent, was subject to review by the circuit judge. Under these circumstances the circuit judge properly granted a new trial.

We emphasize that magistrates must now abide by the State anti-nepotism statute.

Affirmed.