### 0121

Grady E. McMEHAN, James W. Hancock, Jr., Mitchell K. Byrd, James W. Boyd, Henrietta Gill, Charles B. Burnette, James F. Wells, and Thomas A. Givens, Appellants, v. YORK COUNTY COUNCIL OF the COUNTY OF YORK, State of South Carolina, and Caldwell A. Barron, E. C. Black, Sidney C. Moore, Jr., Dewey E. Neal, Murray A. White, Jr., and John J. Williams, Chairman of the York County Council, as members of the York County Council, Respondents.

(315 S. E. (2d) 127)

Court of Appeals

*Charles W. Blackwell,* Rock Hill, *for appellants.*

*Melvin B. McKeown,* York, *for respondents.*

March 5, 1984.

GARDNER, Judge:

This is an action by appellants York County attorneys against the York County Council for the payment of at-

torney's fees for the representation of indigent defendants. The trial court denied the relief sought. We disagree and reverse.

We quote with approval pertinent sections of the appealed order:

This is an action for declaratory judgment and a writ of mandamus. The Plaintiffs are licensed attorneys practicing in York County who have been appointed to defend indigent criminals in the county. All of the Plaintiffs filed vouchers for compensation under the S. C. Defense of Indigents Act but they were not compensated because the State funds allocated to York County were exhausted. Subsequently, the Plaintiffs sought payment from the York County Council arguing that 1979 *S. C. Acts* No. 199 (i.e. the Appropriations Act) made the payment mandatory. They rely upon the following language, "that it is the intent of the General .Assembly that any expense incurred in any county for the defense of indigents in excess of the county's share of funds appropriated in this section for such purpose shall be borne by the county." 1979 *S. C. Acts* at p. 559. The Defendants deny the existence of any duty on their part as a representative body to appropriate such funds. . . .

The Defendants interposed numerous defenses to the Complaint. The defenses may be categorized as procedural or substantive. The basis of the procedural defense is that the Plaintiffs failed to file itemized, verified claims against York County as required by *S. C. Code* Section 4-3-10, *et seq.* (1976). The Defendants have cited numerous cases in their brief which state that claims arising in contract against a county must be presented first to the governing body of the county for disposition. This action by the Plaintiffs is not a contract action. The elements of a contract between the Plaintiffs and Defendants are not present. Rather, the Plaintiffs seek to enforce what they feel is a mandatory duty imposed by statute. Additionally, I believe that to decide this case upon the procedural grounds would not conclude the matter. The Plaintiffs could easily file itemized claims with the Defendants and the issue would deny the claims based upon their substantive defenses.

The substantive defenses rest upon the following grounds. First, there is a constitutional separation of powers between the legislative and judicial function. Second, it is the legislative function to appropriate funds. Third, there is no duty imposed upon the county to appropriate funds for this particular purpose. Fourth, it is a violation of the separation of power doctrine for the court to issue a writ of mandamus ordering an appropriation of funds in this action.

Under the Home Rule Act, York County adopted the Council-Manager form of government. See Appendix to Article I, *S. C. Code* Section 4-9-10, *et seq.* (Supp. 1980)

. . . .

The resolution of this case turns upon one central question. Do the Plaintiffs have a statutory legal right to payment which the York County Council is under a duty to discharge? If the Plaintiffs have such a right, the York County Council has no discretion in the matter and the court can require the council members to perform their statutory duty. *See State of S. C. ex rel. McLeod v. Rhodes*, Smith's Advance Sheets, (May 6, 1980).[1]

To decide this issue, the court must interpret the provisions of *S. C. Code* Section 17-3-70(b) and 1979 *S. C. Acts* No. 199 and consider what relationship they have to each other. Section 17-3-70(b) provides that "upon receipt of written application from an appointed counsel payment *shall* be made to him in the amount approved by the trial judge, provided that no such payment shall be made after the funds appropriated for that county or counties in the defender corporation area have been exhausted." *The restriction on payment is addressed to state appropriated funds. The restriction on payment would not apply to funds appropriated for this purpose by a county government.* (Emphasis ours.)

As stated by the trial judge and as appellants urge here on appeal, the one central question is whether respondent Council must pay the vouchers submitted by

---

[1] This case is unreported but cited as authority for the above principle of law in the case of *Kramer v. County Council for Dorchester County,* 227 S. C. 71, 282 S. E. (2d) 850 (1981).

appellants. We hold that Council must pay these costs of the administering of criminal justice.

For obvious reasons, the number of indigent criminal defendants fluctuates from year to year. When times are good more people are employed and less are indigent; the converse is true when the economic situation is bad; for this reason, there has to be flexibility in providing for this function of government. These expenses will be *incurred*[1] but the exact amount cannot be determined and contracted for absent a criminal defender corporation. In the fiscal year in question, the legislature appropriated $774,641 of state funds for the defense of indigents, adding to that appropriation act the following proviso, to wit:

> That it is the intent of the General Assembly that any expense *incurred* in any county for the defense of the indigents in excess of the county's share of funds appropriated in this section for such purpose *shall* be borne by the county.—1979 Act No. 199 (Emphasis ours.)

Since *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799 (1963), indigent criminal defendants cannot be tried and convicted unless they are provided with defense counsel; thus, criminal justice cannot be administered without defraying the cost of indigent criminal defense; by general law of the state, to which respondents are subject, the cost is anticipated and provided for by the above proviso. The language of this proviso is unambiguous and specific. To the extent state appropriations are not sufficient to pay for expenses incurred in any county for the defense of indigents, the county council has a mandatory duty to provide and pay the costs of indigent criminal defense.

Respondents argue that under the Home Rule Act, only respondent Council can constitutionally appropriate the funds sought by appellants and it cannot be required to do so by our courts. We reject this argument insofar as it implies

---

[1] "Incur" as defined by Black's Law Dictionary 691 (5th ed. 1979), means: "To have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to." This definition has been approved by our Supreme Court. *Gordon v. Fidelity & Casualty Company of New York,* 238 S. C. 438, 120 S. E. (2d) 509 (1961).

that Council is not subject to the general laws of the state and that this court lacks authority to order compliance with the legislative intentions as expressed by the statutory laws of this state; this is, of course, limited to general statutes applying to all counties as the pertinent statutes quoted in this opinion do.

The General Assembly has the authority to direct counties to support with county funds the courts of the unified system. *Kramer v. County Council for Dorchester County.* 277 S. C. 71, 282 S. E. (2d) 850 (1981).

Respondents argue that it is the traditional duty of attorneys to represent gratuitously indigent defendants. Before *Gideon*, this was the tradition of our bar, of whom this court is proud. Were it not for dedicated attorneys, the sacred freedoms of our nation would not long have survived. *Gideon* brought about a changed situation relating to compensation for attorneys representing indigent defendants; the legislature recognized this by the statutory law quoted in this decision; enlightened county governing boards throughout this state have recognized this by compliance with this statute and so must York County Council. Respondents cannot rely on the noble traditions of our bar, but must comply with the statutory law of this state by paying the vouchers submitted.

Payment of the cost sought by appellants is ministerial. The vouchers were approved by the Court of General Sessions and are in accordance with the state schedule of fees which are modest. A writ of mandamus is appropriate. *State of S. C. ex rel. McLeod v. Rhodes, supra.*

For the above reasons, the appealed order is reversed and the case remanded with instructions that judgment be entered for appellants.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.