902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry Alan REED, Jerry Ament, and all others similarly
situated, Plaintiffs-Appellants,
and
Scott Davenport, Plaintiff,
v.
TOWN OF LEXINGTON; County of Lexington, Defendants-Appellees.
 No. 89-2157.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1990.
Decided May 2, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (C/A No. 3:89-992-16)
 William Gary White, III, McMillan, White & Meding, Columbia, S.C., for appellants.
 Wilburn Brewer, Jr., Nexsen, Pruet, Jacobs & Pollard, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants Henry Reed and Jerry Ament appeal from the judgment of the district court dismissing their action against the Town and County of Lexington, South Carolina pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Appellants' complaint alleged that the town and county were liable under 42 U.S.C. Sec. 1983 for violation of the Argersinger* right to counsel, which provides that absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless represented by counsel at trial. The district judge dismissed the complaint after determining that the Town and County of Lexington, the named defendants, could not provide the relief sought since none of the alleged wrongdoers were subject to the control of or were entities created by either the town or county. We affirm.
 
 I.
 
 2
 Appellants, in their complaint filed against the Town and County of Lexington, alleged numerous instances of fraud, negligence and violation of their civil rights arising from the failure of certain town and county officials to inform them of their right, as indigents, to appointed counsel. Specifically, the complaint alleged that
 
 
 3
 the plaintiffs were tried and convicted in the Municipal Court of the Town of Lexington, within the Magistrate's Courts of the County of Lexington, or within other Municipal Courts within the County of Lexington, and that [they were] tried in one of the aforesaid courts without benefit of counsel and sentenced to imprisonment and deprivation of their liberty by such Court.
 
 
 4
 The complaint also stated that Henry Reed, after his arrest for numerous traffic offenses, requested that a Lexington County magistrate, the Lexington Town Muncipal Judge and th Lexington County Public Defender Corporation provide him with counsel. Similarly, Jerry Ament, subsequent to his arrest for public drunkenness, alleged that he requested counsel from a Lexington County magistrate. Plaintiff Davenport alleged that he was convicted by a Lexington County magistrate for driving under suspension but did not assert that he requested appointed counsel.
 
 
 5
 Appellants maintained that the Town or County of Lexington had a duty to notify them of their right to appointed counsel and to provide counsel upon request. Appellants also contended that the town and county acted negligently in failing to provide a system for appointment of counsel in Municipal or Magistrate's Court and in denying the public defender's office authority to represent indigents in Municipal and Magistrate's Court.
 
 
 6
 Appellants sought actual and punitive damages from the town and county as well as an injunction nullifying their convictions, authorizing the defense of indigents by the public defender's office and directing that all persons arrested in Lexington County be apprised of their right to counsel. The district judge granted the town and county's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and ordered that the town and county recover costs from appellants. This appeal followed.
 
 II.
 
 7
 It is well settled that a complaint should not be dismissed "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir.1982) (citing Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.1969)). Thus, a complaint should not be dismissed merely because the court doubts that the plaintiff will ultimately prevail; if the plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted. Id. (citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
 
 
 8
 Federal Rule of Civil Procedure 12(b)(6), however, specifically authorizes the court to dismiss an action if the complaint fails to state a claim upon which relief can be granted. In the instant case, the district judge determined that the municipal defendants could not provide the relief sought under any set of facts which could be proven in support of appellants' claims, and, thus, dismissal was appropriate. We agree with the reasoning of the district court.
 
 
 9
 None of the alleged wrongdoers, including the Lexington County magistrates, the Lexington Municipal Judge and the Lexington County Public Defender Corporation, are subject to the control of the Town or County of Lexington. Article V of the South Carolina Constitution creates a unified court system which operates under the jurisdiction of the Supreme Court of South Carolina. As the district judge correctly stated, the Lexington County magistrates are appointed by the Governor and are a part of the state's unified judicial system. S.C. Const. art. V, Sec. 26; State ex rel Mcleod v. Crowe, 272 S.C. 41, 249 S.E.2d 772 (1978). Furthermore, magistrates have been declared judicial officers of the state and not the municipality or county. State v. Cumbee, 276 S.C. 207, 277 S.E.2d 146 (1981). Thus, as reasoned by the district judge, the magistrates are not subject to the control of the Town or County of Lexington, thereby precluding either of these municipal defendants from providing the relief requested.
 
 
 10
 The Town and County of Lexington are also unable to provide relief for any alleged wrongdoing committed by the Lexington Municipal Judge since the municipal courts in South Carolina are, by statute, a part of the state's unified judicial system. S.C.Code Ann. Sec. 14-25-5(a) (Law.Co-op.Supp.1988). Under South Carolina law, administration of the unified judicial system is the responsibility of the judicial branch pursuant to Article V of the state constitution and is not a matter of local concern. Kramer v. County Council for Dorchester County, 277 S.C. 71, ----, 282 S.E.2d 850, 852 (1981).
 
 
 11
 Additionally, the public defender's office is a state-created agency which functions subject to rules established by the South Carolina Supreme Court. S.C.Code Ann. Secs. 17-3-10 et seq. Consequently, reasoned the district judge, the public defender corporation is not an entity of the town or county government and is thus not subject to the control of either.
 
 III.
 
 12
 For the foregoing reasons, we hold that since the alleged wrongdoers are not subject to the control of either the Town or County of Lexington, these municipal defendants could not provide the relief sought. Accordingly, the district court's dismissal of appellants' complaint pursuant to Rule 12(b)(6) is
 
 
 13
 AFFIRMED.
 
 
 
 *
 Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)