24067

Ex parte John F. HARDAWAY and S. Kirkpatrick Morgan, Jr., Respondents v. The COUNTY OF LEXINGTON, Appellant, In re STATE of South Carolina v. Robert Haskell SOUTHERLAND, Defendant.

(443 S.E. (2d) 569)

Supreme Court

*Jeff M. Anderson, Bouknight, Nicholson, Davis, Frawly & Anderson,* Lexington, *for appellant.*

*John F. Hardaway,* Columbia, and *S. Kirkpatrick Morgan,* Lexington, *for respondents.*

*Robert E. Lyon* and *Robert S. Croom,* of the *South Carolina Association of Counties,* Columbia, *for amicus curiae.*

Heard Dec. 7, 1993.

Decided May 9, 1994. Reh. Den. June 7, 1994.

MOORE, Justice:

This appeal is from an order in a capital murder case ordering appellant (County) to pay costs and attorneys' fees in excess of those provided under the Defense of Indigents Act. In so ruling, the trial judge retroactively applied our decision in *Bailey v. State,* — S.C. —, 424 S.E. (2d) 503 (1992).
We reverse.

## FACTS

Respondents are attorneys who were appointed to represent Robert Haskell Southerland, an indigent defendant in a capital murder case tried before our decision in *Bailey* was issued. Respondents moved for the trial judge to set reasonable hourly rate for attorneys' fees claiming that the limitation on fees under S.C. Code Ann. §§ 16-3-26(B) (Supp. 1992) and 17-3-50 (1985) effected an unconstitutional taking of property.[1] The trial judge held the motion in abeyance pending our decision in *Bailey.*

Once *Bailey* was issued, the trial judge determined it should be applied retroactively and awarded respondents attorneys' fees based on an hourly fee of $90 and expenses. He then ordered the State to pay the first $5,000 of attorneys' fees and costs as provided in § 16-3-26(B) and the first $2,500 of investigative expenses as provided in § 16-3-26(C).[2] County was ordered to pay the remaining amounts for a total exposure of $58,054.49 in attorneys' fees and costs and $7,559.98 in investigative expenses. County appeals.

---

[1] At the time, § 17-3-50 set a fee of ten dollars per hour for out-of-court time and fifteen dollars for in-court time; under § 16-3-26(B) the maximum to be paid for fees and costs was $5,000. Both statutes have since been amended.

[2] Section 16-3-26(C) has also been subsequently amended.

*ISSUE*

Did the trial judge err in applying *Bailey* retroactively?

*DISCUSSION*

Under State law, a judicial decision that creates a new liability where none formerly existed is applied prospectively only. *Toth v. Square D*, 298 S.C 6, 377 S.E. (2d) 584 (1989). We conclude *Bailey* created a new liability for counties and therefore should be applied prospectively.

In *Bailey*, this Court held "the hourly rates and caps provided in §§ 17-3-50 and 16-3-26 are not absolute allowances in capital cases, but merely limitations upon the State's funds allocated for the Defense of Indigents." — S.C. at —, 424 S.E. (2d) at 508. We then decided it "necessarily falls upon the county to supplement as required in a given case" citing *McMehan v. York County Council*, 281 S.C. 249, 315 S.E. (2d) 127 (Ct. App. 1984). *Id.*

*McMehan* involved the payment of attorney fees incurred under the Defense of Indigents Acts. The Court of Appeals construed S.C. Code Ann. § 17-3-70(b) (1985) to require that a county pay the balance of fees incurred under the Defense of Indigents Act when State funds allocated to the county for that purpose have been exhausted. *McMehan* did not determine any liability beyond the amounts set forth in the Defense of Indigents Acts.

In *Bailey*, we held for the first time that counties are liable for reasonable attorney fees and costs beyond those provided under the Defense of Indigents Act.[3] Beyond merely construing the applicable statutes regarding hourly fees and caps, we created by judicial decision in *Bailey* a new liability for counties where none formerly existed. *Cf. State v. Southern Farm Bureau Life Ins. Co.*, 265 S.C. 402, 219 S.E. (2d) 80 (1975) (an opinion simply construing a statute is not limited to prospective application). Accordingly, we hold *Bailey* is limited to prospective application. The trial judge's order imposing liability on County for fees and costs exceeding its liability under the Defense of Indigents Acts is hereby

---

[3] We specifically noted in *Bailey* that "it is unrealistic to expect that token compensation will suffice *in the future* to provide an indigent defendant with the quality of legal representation mandated by the United States Supreme Court." — S.C. at —, 424 S.E. (2d) at 508 (emphasis added).

Reversed.

CHANDLER and TOAL, JJ., concur.

HARWELL, C.J., and FINNEY, J., dissenting in separate opinion.

HARWELL, Chief Justice:

I disagree with the majority's finding that *Bailey* went "[b]eyond merely construing the applicable statutes" to create a new liability for counties where none formerly existed. *Bailey* was a declaratory judgment action challenging the constitutionality of sections 16-3-26 and 17-3-50. As seen in the following passage, the *Bailey* opinion is based solely on statutory construction:

> We hold that [sections 16-3-26 and 17-3-50] cannot be *interpreted* as the absolute maximum amount of remuneration for costs and fees, since they clearly do not provide compensation adequate to ensure effective assistance of counsel in capital cases. This Court has long recognized that legislative acts are to be *construed* in favor of constitutionality and will be presumed constitutional absent a showing to the contrary. Accordingly, we hold that the hourly rates and cap provided in §§ 16-3-26 and 17-3-50 are not absolute allowances in capital cases, but merely limitations upon the State's funds allocated for the Defense of Indigents. It then necessarily falls upon the county to supplement as required in a given case. [Emphasis added.]

*Bailey* at —, 424 S.E. (2d) at 508.

Clearly, the liability in *Bailey* arises from the operation of statutes. It should also be clear that if the liability arises from the operation of statutes, the *Legislature* created that liability and it has been the law since the statutes were enacted. I am surprised that this conclusion seems to be new ground for the Court. In *State v. Southern Farm Bureau Ins. Co.*, 265 S.C. 402, 219 S.E. (2d) 80 (1975), litigants sought to have this Court prospectively apply *Lindsay v. Southern Farm Bureau Cas. Ins. Co.*, 258 S.C. 272, 188 S.E. (2d) 374 (1972), which like *Bailey*, was a declaratory judgment action involving the interpretation of two statutes. The Court rejected the claim, stating:

Life and Casualty now take the position that *Lindsay v. Southern Farm, supra,* being a declaratory judgment only, is not retroactive in effect. They ask the Court to hold that our opinion is to be applied prospectively only. We think the position is untenable. *Our ruling was not the making of new law for prospective application; it was the construction of a statute which had been the law since its enactment in 1934. . . .* Accordingly, we find the exception without merit and hold that our opinion in *Lindsay v. Southern Farm, supra,* was retroactive in its nature and effect. [Emphasis added.]

The majority ignores that *Bailey* itself concedes retroactive application to claims that arose before December 7, 1992. In *Bailey,* this Court specifically remanded the case to the trial judge for retroactive application of our ruling. *Bailey* at —, 424 S.E. (2d) at 509. The sparse and casual use of prospective language cited by the majority cannot seriously be read to override the Court's own application of its holding. *Cf. Russo v. Sutton,* — S.C. —, 422 S.E. (2d) 750 (1992) (prospective opinion not retroactively applicable to its own litigants).

The majority also ignores that it has already applied *Bailey* retroactively to facilitate the award of attorney's fees in capital cases. *See Buffalo v. State,* Op. No. 93-MO-058 (S.C. Sup. Ct. filed February 25, 1993); *Greenville Co. v. State In re: State v. Leitz,* Op. No. 93-MO-059 (S.C. Sup. Ct. filed February 25, 1993); *Ex Parte: County of Horry In re: State v. Eaddy and State v. Hoffman,* Op. No. 93-MO-060 (S.C. Sup. Ct. filed February 25, 1993); *Ex Parte: County of Horry In re: State v. Wells,* Op. No. 93-MO-061 (S.C. Sup. Ct. filed February 25, 1993); *Ex Parte: County of Horry In re: State v. Pressley,* Op. No. 93-MO-062 (S.C. Sup. Ct. filed February 25, 1993); *Richland Co. v. State In re: State v. Dyar and State v. Simmons,* No. 93-MO-063 (S.C. Sup. Ct. filed February 25, 1993). While these are memorandum opinions without precedential effect, the Court gave great weight to a single memorandum opinion that applied a case retroactively in *Toth v. Square D Co.,* 298 S.C. 6, 377 S.E. (2d) 584 (1989):

[T]his Court has already given retroactive effect to the *Small* decision through our holding in *Francisco v. Black River Electric Cooperative,* Mem. Op. 87-MO-325 (S.C.

filed July 27, 1987). . . . Although we recognize that *Francisco* is a memorandum opinion without precedential value, it nonetheless indicates that we have already implicitly allowed retroactive application of *Small*. By our holding today, we explicitly hold that *Small* is to be retroactively applied to causes of action arising prior to the date it was filed.

*Toth* at 10, 377 S.E. (2d) at 586-87.

In conclusion, I wholly disagree with the majority's analysis because it gives *Bailey* a life apart from the controlling statutes and, by doing so, reaches the astonishing result that the recovery of fees and costs possible on December 7, 1992, somehow could not occur on January 19, 1993,[1] even though the controlling statutes had not been amended. In my view, the trial judge did not err in applying *Bailey* retroactively. Therefore, I respectfully dissent.

FINNEY, J., concurs.

---

[1] The date of the trial judge's order in this case.