24068

Christopher G. OLSON, Respondent v. STATE of South Carolina and Pickens County, South Carolina, Defendants, of which Pickens County, South Carolina is, Appellant.

(443 S.E. (2d) 572)

Supreme Court

---

[1] The date of the trial judge's order in this case.

*G. Edward Welmaker,* Pickens, *for appellant.*

*Christopher G. Olson,* Clemson, *for respondent.*

Heard Jan. 4, 1994.

Decided May 9, 1994. Reh. Den. June 7, 1994.

TOAL, Justice:

This appeal arises from the trial court's retroactive application of *Bailey v. The State of South Carolina,* — S.C. —, 424 S.E. (2d) 503 (1992), to award attorney fees in excess of the State's statutory fee obligation for death penalty defense. We reverse.

## FACTS

Christopher Olson was appointed in July 1991 to defend Larry Eugene Hall for a murder trial in which the State sought the death penalty. Prior to trial,[1] Olson filed a complaint in September 1991 in the Pickens County Court of Common Pleas seeking payment of attorney fees in excess of the State's statutory obligation for death penalty defense.[2]

A hearing was held on February 2, 1993 before the same judge presiding at the murder trial. Just prior to the hearing on attorney fees, this Court decided *Bailey v. State of South Carolina, supra,* on December 7, 1992, with the Petition for Rehearing denied on January 6, 1993. Evidence of attorney fees was presented and after oral argument, the trial judge awarded Olson attorney fees in the sum of $36,156.38. In reliance on this Court's decision in *Bailey,* Olson's fees were computed at a less than market rate of $90.00 per hour for out-of-court time, and $103.35 per hour for court appearances.

Pickens County sought reconsideration of the trial court's ruling which was denied by an order issued March 12, 1993. This appeal followed.

---

[1] The capital murder trial of Larry Eugene Hall was held in January 1992.

[2] Olson requested payment for 415.5 hours at $140.00 an hour.

## ISSUE

The sole issue on appeal is whether the trial court erred in retroactively applying our decision in *Bailey v. The State of South Carolina,* — S.C. —, 424 S.E. (2d) 503 (1992).

## LAW/ANALYSIS

Pickens County argues that *Bailey* should only be applied prospectively and we agree. Since our decision in *Bailey, supra,* we have had an occasion to address this very issue in *Ex Parte John F. Hardaway and S. Kirkpatrick Morgan, Jr. v. The County of Lexington,* — S.C. —, 443 S.E (2d) 569 (S.C. Sup. Ct. 1994). In *Hardaway,* we held that *Bailey v. State of South Carolina, supra,* was to be applied prospectively in setting attorney's fees and costs for the defense of an indigent capital defendant. Our decision in *Hardaway* directly resolves the issue presented here and any further discussion would add little to that analysis.

Accordingly, the trial court's retroactive application of *Bailey* was in error and the trial court's decision must now be REVERSED.

CHANDLER and MOORE, JJ., concur.

HARWELL, C.J., and FINNEY, J., dissenting in separate opinion.

HARWELL, Chief Justice:

I respectfully dissent. For the reasons set forth in my dissenting opinion in *Ex Parte Hardaway v. County of Lexington,* Op. No. 24067, — S.C. —, 443 S.E. (2d) 569 (S.C. Sup. Ct. 1994), the Court should apply *Bailey* retroactively and affirm the trial judge's award of attorney's fees in this case.

FINNEY, J., concurs.