0270

Judith A. HOGSED, Appellant, v. LANCASTER AREA SCHOOLS BOARD OF TRUSTEES, Respondent.

(320 S. E. (2d) 724)

Court of Appeals

*Jay Bender*, of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for appellant.*

*Bruce E. Davis*, Camden, and *James B. Richardson, Jr.*, Columbia, *for respondent.*

Heard July 31, 1984.

Decided Sept. 14, 1984.

SANDERS, Chief Judge:

Appellant Judith A. Hogsed is a school teacher employed by the Lancaster County Board of Education and assigned to the Lancaster Area Schools. She applied for a transfer to a particular school and the superintendent of the Lancaster Area Schools denied her request. Ms. Hogsed thereafter initiated a grievance proceeding pursuant to section 59-19-510 of the 1976 Code of Laws of South Carolina. The respondent Lancaster Area Schools Board of Trustees upheld the decision of the superintendent, as did the Lancaster County Board of Education. Ms. Hogsed then petitioned the Circuit Court for a trial *de novo* pursuant to section 59-19-560. The Circuit Court granted summary judgment in favor of the Board of Trustees on the ground that there was "no genuine issue of material fact." Ms. Hogsed appeals. We reverse.

A motion for summary judgment is properly granted only when it is perfectly clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Vaughn v. A. E. Green Co., Inc.*, 277 S. C. 392, 287 S. E. (2d) 493 (1982); *Jones Leasing, Inc. v. Gene Phillips & Associates*, S. C. App., 318 S. E. (2d) 31 (1984). All evidence and inferences which can be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Coleman, Admrx. v. Shaw*, 314 S. E. (2d) 154 (S. C. App. 1984).

Ms. Hogsed alleges the transfer policy established for the Lancaster Area Schools was not followed in denying her the transfer. The policy in question provides:

> Factors such as the qualifications of the individual teacher, the teaching situation itself, and the background experience of the teachers should be taken into consideration in granting transfers. Other factors being equal, seniority shall carry privilege.

Therefore, our task on appeal is one of determining if it is perfectly clear from the evidence that there is no genuine issue of material fact as to whether this policy was followed.

The record contains a number of affidavits, depositions and letters revealing material facts which can be summarized as follows:

According to Ms. Hogsed's affidavit, she holds a Bachelor of Science degree in physical education, health and history from

Appalachian State University and a Master of Arts in teaching from Winthrop College, with 12 hours of post-masters graduate study. She is certified by the South Carolina Department of Education to teach elementary school, social studies and physical education. She has taught physical education at the junior high and high school levels in the Lancaster Area Schools for a total of 18 years. In the early years of her employment she recommended the implementation of an elementary level physical education program to the superintendent and has often stated her interest in the program.

Ms. Hogsed's affidavit goes on to relate her efforts to obtain the transfer which she was denied. She says that in March 1981, she learned an elementary physical education program was being considered for the Lancaster Area Schools and made formal application to Superintendent Crolley for transfer to a position teaching physical education at North Elementary School. She says that in July 1981, funds were approved for the position and she contacted Superintendent Crolley again by telephone and inquired about her application for the transfer. She says he told her "that the school budget had not been completed and asked that I call him back again in a couple of days." She says that in early August 1981, she attempted to call Superintendent Crolley back but was not able to reach him and talked instead to his personnel director who told her the position had already been filled but she would be "next in line for transfer to the elementary physical education program." She says that three days later she finally reached Superintendent Crolley himself by telephone, at which time he told her that one Tina Broome Jackson had been given the transfer to North Elementary because he had recommended Ms. Jackson, she was certified in elementary education and she had requested the transfer before Ms. Hogsed.

Ms. Hogsed says further in her affidavit that she later had a conference with Ms. Billie Todd Smith, prir.cipal of North Elementary, and was told by her that she had not recommended anyone for the new position at her school and the decision to transfer the other teacher there was made by someone else.

In both his affidavit and deposition, Superintendent Crolley says he first interviewed Ms. Jackson in August 1980.

He hired her to fill a junior high school physical education position and promised her the first position created in the Lancaster Area Schools for elementary physical education. According to Superintendent Crolley, he based his promise upon the fact that he knew of no other request for the elementary position. In addition, he said he had been apprised by Ms. Smith of her unusually high regard for Ms. Jackson's prospects as a teacher and her desire to have Jackson at her school. He acknowledges that in March 1981, Ms. Hogsed applied for the North Elementary position. He states the basis for his decision to give the transfer to Ms. Jackson over Ms. Hogsed as follows:

> Aware of my promise to Miss Broome (now Mrs. Tina Broome Jackson) and the request of the North Elementary Principal for the services of Mrs. Jackson, I proceeded to assign Mrs. Jackson to teach physical education at the North Elementary School for the 1981-82 school year.

In her deposition, Principal Smith says that although she had never met Ms. Jackson, she informed Superintendent Crolley she would like to have her for the new position. Her opinion of Ms. Jackson was based on information she received from a Winthrop College official. Ms. Smith concedes she had never reviewed the transfer policy, although she was aware it did exist.

According to the deposition of the Personnel Director for the Lancaster Area Schools, Ms. Jackson's application for employment was dated November 1979 and contained a notation dated May 1980 indicating that Superintendent Crolley had promised her employment. However, her file contains no mention of any commitment to give her a transfer to the first elementary school physical education position.

Ms. Jackson says in her deposition that she holds a Bachelor of Science degree in physical education, grades K-12, from Winthrop College. She participated in one six-week practicum teaching two hours twice a week and practice taught elementary physical education on a daily basis for three months. Ms. Jackson further says Superintendent Crolley verbally promised her the first elementary school position if she took the physical education job at the junior high school and, after she

taught the 1980-81 school year there, he offered her the North Elementary position.

The letter from Superintendent Crolley to Ms. Hogsed informing her of the decision of the Board of Trustees to uphold his denial of her transfer does not give its basis for doing so. Specifically, this letter does not indicate the qualifications and experience of either Ms. Hogsed or Ms. Jackson were considered as required by the transfer policy.

The letter from the Lancaster County Board of Education to Ms. Hogsed does discuss the qualifications of Ms. Jackson and Ms. Hogsed, saying that "the essence of the problem lies in the fact that two well qualified and superlative teachers sought assignment to the same position—namely, physical education teachers at North Elementary School." However, this letter also clearly indicates the request of Ms. Smith for Ms. Jackson as well as the promise to her by Superintendent Crolley were considered by the Board of Education in determining that "other factors" were not equal so that Ms. Hogsed's seniority would not control.

In its motion for summary judgment, the Board of Trustees states:

> Because of his promise to Miss Broome (now Mrs. Tina Broome Jackson) and the request of Mrs. Smith for the services of Mrs. Jackson, Superintendent Crolley assigned Mrs. Jackson to teach physical education at the North Elementary School for the 1981-82 school year.

Likewise, the trial judge's order granting summary judgment also places emphasis on the request of Ms. Smith and promise to Ms. Jackson in concluding the decision by the Board of Education was "based upon fact and supported by reasoned analysis that these other factors were not equal. . . ."

Viewing the evidence contained in the record in the light most favorable to Ms. Hogsed, we are unable to conclude that it is perfectly clear there is no genuine issue of material fact as to whether the transfer policy was followed. While some consideration appears to have been given to the qualifications and experience of the two teachers as required by the transfer policy, it is clear that the decision to deny the transfer to Ms. Hogsed at every level was also based on the request of Ms. Smith as well as the promise by

Superintendent Crolley to Ms. Jackson, factors not provided for by the policy. It is also clear that there is a dispute as to whether Ms. Smith ever requested Ms. Jackson. The affidavit and deposition of Superintendent Crolley as well as Ms. Smith's own deposition say she did. However, the affidavit of Ms. Hogsed says Ms. Smith told her she did not. Superintendent Crolley could not possibly have considered the qualifications and experience of Ms. Hogsed before promising the transfer to Ms. Jackson, because he made this promise prior to the time the position became available and Ms. Hogsed applied for it.[1]

Our Supreme Court has held that a school teacher does ■ not have an absolute right to be assigned to a particular school. *Riggs v. Laurens District 56*, 271 S. C. 463, 248 S. E. (2d) 306 (1978). The result which we reach here should not be construed as overruling or in any way eroding that holding. Neither is it our purpose to interfere with the discretion of school authorities in assigning teachers. Rather, we simply hold that where a board establishes a transfer policy it must comply with that policy, and where it is not perfectly clear from the evidence that it did so, summary judgment cannot be granted in its favor.

Accordingly, the order granting summary judgment is reversed and the case is remanded for trial *de novo* pursuant to section 59-19-560. *See Hamilton v. Board of Trustees of Oconee County School District,* S. C. App., 319 S. E. (2d) 717 (1984), *citing Lexington County School District One Board of Trustees v. Bost,* S. C., 316 S. E. (2d) 677 (1984).

Reversed and remanded.

GARDNER and CURETON, JJ., concur.

---

[1] The Board appears to argue for the first time on appeal that the transfer policy does not apply to the facts of this case "because the job was not made available to competition among teachers already employed by the district." We reject this argument on the basis that both applicants were previously employed in the district before the elementary school position was created and both were given consideration for the position, even if at different points in time.