22390

Betty Hoover KINARD, Plaintiff, v. AUGUSTA SASH & DOOR CO., Defendant.

(336 S. E. (2d) 465)

Supreme Court

*Miles Loadholt, Terry E. Richardson, Jr.* and *Susan J. Herdina* of *Blatt & Fales,* Barnwell, *for plaintiff.*

*Thornwell F. Sowell, III* and *Joel H. Smith* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for defendant.*

Heard Sept. 23, 1985.

Decided Oct. 24, 1985.

GREGORY, Justice:

Pursuant to Supreme Court Rule 46, the Honorable Charles E. Simons, Jr., Chief Judge of the United States District Court for the District of South Carolina certified the following question to this Court:

> Whether a mother who is herself physically injured as a result of a delict may recover damages for severe shock, emotional trauma and resulting physical injuries caused by witnessing severe injury to her daughter in the same incident?

The plaintiff and her daughter were injured when a load of roof trusses fell from defendant's truck and struck the car in which they were riding. The daughter was severely in-

jured and remained comatose for three months. She now suffers from a permanent mental disability.

In this action, the plaintiff seeks damages not only for her physical injuries, but also for severe shock and emotional trauma caused by witnessing serious injury to her daughter. Plaintiff alleges she cries often, has lost weight, is unable to do heavy housework, is unable to sleep, and has difficulty socializing. She also contends she is unable to tolerate stress.

This case presents the issue of whether a cause of action for negligent infliction of emotional distress will be recognized in South Carolina.[1] First, we must determine whether the cause of action should be adopted, and if so, the elements of the cause of action.

The modern trend recognizes that emotional tranquility is an interest worthy of protection. *See Ramirez v. Armstrong,* 100 N.M. 538, 673 P. (2d) 822 (1983); *Portee v. Jaffee,* 84 N.J. 88, 417 A. (2d) 521 (1980); *Dillon v. Legg,* 68 Cal. (2d) 728, 69 Cal. Rptr. 72, 441 P. (2d) 912 (1968). This Court has recognized this trend, and has allowed recovery for intentional infliction of emotional distress. *Ford v. Hutson,* 276 S. C. 157, 276 S. E. (2d) 776 (1981).

Respondent argues adopting a cause of action for negligent infliction of emotional distress will open the door to a flood of litigation and expose the courts to fraudulent claims. These concerns are not new and have been rejected in numerous cases. *See Ramirez v. Armstrong; Barnhill v. Davis,* 300 N.W. (2d) 104 (Iowa 1981); *Portee v. Jaffee; Dillon v. Legg.* It is the duty of the courts to weed out fraudulent claims. *Barnhill v. Davis,* 300 N.W. (2d) at 107. These arguments do not warrant a wholesale rejection of an entire class of claims. *Id.; See also Dillon v. Legg,* 68 Cal. Rptr. at 77-8, 441 P. (2d) at 917-918.

Respondent further contends it will be impossible for this Court to set guidelines that will not arbitrarily exclude injured plaintiffs from recovery. This is a novel argument; however, it is without merit. Developing any cause of action

---

[1] Recently, in a different factual situation, this Court declined to adopt such a cause of action because the facts did not warrant it. *See Dooley v. Richland Memorial Hospital,* 283 S. C. 372, 322 S. E. (2d) 669 (1984).

necessarily includes setting limits. Such limits are required to control liability.

We conclude South Carolina should adopt a cause of action for negligent infliction of emotional distress.[2] The next task is to define the limits of such a cause of action.

Other jurisdictions have taken a variety of approaches in defining the cause of action. Some limit recovery to plaintiffs within the "zone of danger," while others require plaintiffs to suffer some physical injury. *See* Miller, *The Scope of Liability for Negligent Infliction of Emotional Distress: Making "The Punishment Fit the Crime,"* 1 Univ. of Hawaii L.R. 1 (1984). However, in 1968, the California Supreme Court adopted a "foreseeability test" for negligent infliction of emotional distress. In *Dillon v. Legg,* 68 Cal. (2d) 728, 69 Cal. Rptr. 72, 441 P. (2d) 912 (1968), the court held a bystander could recover for emotional trauma flowing from injuries to another only if the bystander's injuries are foreseeable. Foreseeability is determined by three factors applied on a case-by-case basis:

(a) whether the bystander is located near the scene of the accident;
(b) whether the bystander personally observes the accident; and
(c) whether there is a close relationship between the victim and the bystander.

Limiting its holding to emotional trauma manifested by physical symptoms, the *Dillon* court delineated a cause of action based on established rules of tort law.

■ Various courts have adopted the *Dillon* approach, in whole or in part. *See* Prosser and Keeton, § 54, p. 366, n. 73. Today, we approve the general approach of *Dillon v. Legg,* and adopt the cause of action with the following elements:

(a) the negligence of the defendant must cause death or serious physical injury to another;
(b) the plaintiff bystander must be in close proximity to the accident;

---

[2] Our adoption of the cause of action is limited to "by-stander recovery." We express no opinion as to whether the action is viable in other factual settings.

(c) the plaintiff and the victim must be closely related;

(d) the plaintiff must contemporaneously perceive the accident; and

(e) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

Clearly, the facts of the instant case fall within the limits of the cause of action we have adopted; therefore, we hold a bystander such as the plaintiff may recover damages for emotional trauma arising from witnessing the injuries to her daughter.[3]

LITTLEJOHN, A. C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

NESS, C. J., disqualified.

---

[3] Plaintiff may not recover for the emotional upset arising from her voluntary vigil at her daughter's bedside following the accident.