1149

Sandra F. McCASKEY, a minor, by her Guardian ad Litem, Harold O. McCaskey, Jr., Appellant v. Robert E. SHAW, Respondent.

(368 S. E. (2d) 672)

Court of Appeals

*Richard J. Breibart*, Lexington, *for appellant.*

*W.G. Lynn, Jr.*, Aiken, *for respondent.*

Heard March 16, 1988.

Decided May 9, 1988.

*Per Curiam:*

Appellant Sandra McCaskey brought this action against respondent Robert E. Shaw alleging, among other things, that she suffered emotional distress as a result of having seen her mother receive injuries in an accident. The Circuit Court struck the allegations to this effect from her complaint. We affirm.

On or about January 12, 1983, Ms. McCaskey was riding as a passenger in a car being driven by her mother. The car collided with a vehicle being driven by Mr. Shaw. Both Ms. McCaskey and her mother were physically injured. Ms. McCaskey alleges Mr. Shaw was at fault in causing the accident. She further alleges she is entitled to recover, not only for her own injuries and for the emotional distress which she suffered as a result, but also for the emotional distress

which she suffered as a result of "witnessing her mother suffer injury."

Mr. Shaw moved to strike "the allegations in said Complaint to the effect that [Ms. McCaskey] suffered emotional distress from witnessing the injuries to her mother." His motion was "based on the fact that the incident on which the action is based occurred prior to the adoption of the cause of action asserted therein, and the Plaintiff is not entitled to such relief in the present action."

On October 24, 1985, our Supreme Court for the first time allowed recovery for "negligent infliction of emotional distress." *Kinard v. Augusta Sash & Door Co.*, 286 S. C. 579, 582, 336 S. E. (2d) 465, 467 (1985). In granting the motion of Mr. Shaw, the Circuit Court ruled: "because *Kinard* created a new tort, it cannot apply to claims arising before that decision." The single issue presented on appeal is whether the judge erred in granting the motion of Mr. Shaw for this reason. (Counsel for Ms. McCaskey states in his brief: "This appeal addresses the issue of negligent infliction of emotional distress as it is clear that any intentional infliction of emotional distress is permitted by *Ford* [*v. Hutson*, 276 S. C. 157, 276 S. E. (2d) 776 (1981)].").

"[T]he general rule regarding retroactive application of judicial decisions is that decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retrospectively." *Bartlett v. National Mut. Fire Ins. Co.*, 290 S. C. 154, 157, 348 S. E. (2d) 530, 532 (Ct. App. 1986). *See Hupman v. Erskine College*, 281 S. C. 43, 44, 314 S. E. (2d) 314, 315 (1984) ("Prospective application is required when liability is created where formerly none existed.").

Ms. McCaskey argues she is entitled to prevail under the rule stated in *Bartlett*. In support of her position, she cites *Dooley v. Richland Memorial Hosp.*, 283 S. C. 372, 322 S. E. (2d) 669 (1984). There, the Court was presented with the question of whether recovery should be allowed for negligent infliction of emotional distress. Based on the facts of the particular case, the Court declined to "decide whether such a cause of action is recognized in South Carolina." *Id.* at 374, 322 S. E. (2d) at 670. Ms. McCaskey argues she "had an existing right *not* to have her body injured and *not* to

have to witness her mother suffer before *Kinard.*" She further argues: "Our court impliedly recognized smilar rights in *Dooley.*" Therefore, she argues: *"Kinard* did not create a new tort, as the trial court held, but merely confirmed a remedy to vindicate an existing right."

We reject the argument of Ms. McCaskey under the language of the Court in *Kinard.* This case was decided pursuant to a question certified to the South Carolina Supreme Court by the United States District Court for the District of South Carolina. *See* Rule 46 of the Rules of Practice in the Supreme Court and Court of Appeals of South Carolina (the Court may answer questions of law certified to it by any federal court). The facts are essentially the same as those in the instant case except that the roles of the mother and daughter are reversed. The precise question certified was: "Whether a mother who is herself physically injured as a result of a delict may recover damages for severe shock, emotional trauma and resulting physical injuries caused by witnessing severe injury to her daughter in the same incident?" *Kinard,* 286 S. C. at 580, 336 S. E. (2d) at 466. As previously indicated, the Court answered this question in the affirmative. In doing so, the Court did not explicitly specify that the opinion should have prospective application only. Nevertheless, it is clear that the Court intended to adopt a new cause of action.

The Court began by noting it had previously "declined to adopt such a cause of action." *Id.* at 581 n. 1, 336 S. E. (2d) at 466 n. 1 (citing *Dooley,* 283 S. C. 372, 322 S. E. (2d) 669). The Court acknowledged the issue in the case to be "whether the cause of action should be adopted." *Id.* at 581, 336 S. E. (2d) at 466. The Court observed: "Developing any cause of action necessarily includes setting limits." *Id.* at 581-82, 336 S. E. (2d) at 467. The Court held "South Carolina should adopt a cause of action for negligent infliction of emotional distress." *Id.* at 582, 336 S. E. (2d) at 467. The Court continued by saying: "The next task is to define the limits of such a cause of action." *Id.* The Court characterized what it had done as having acted to "adopt the cause of action." *Id.* The Court concluded by saying the facts of the case "fall within the limits of the cause of action we have adopted." *Id.* at 583, 336 S. E. (2d) at 467. Until our Supreme Court tells us

otherwise, we will have to assume that it meant what it said on these seven occasions. *See Page v. New Lower Richland Medical Center*, 291 S. C. 82, 352 S. E. (2d) 295 (Ct. App. 1986) (the Supreme Court may want to modify or overrule its previous decision, but we have no authority to do so).

We therefore hold that the decision in *Kinard* created a new substantive right, not a new remedy to vindicate existing rights, and for this reason, the decision has prospective application only. Accordingly, the decision of the Circuit Court in the instant case is

Affirmed.