22990

Frank G. TOTH, Plaintiff v. SQUARE D COMPANY, Defendant, and 14 consolidated cases.

(377 S. E. (2d) 584)

Supreme Court

*Herbert W. Louthian, Jr.,* of *Louthian & Louthian,* Columbia, *for plaintiff.*

*G. Daniel Ellzey, Jonathan P. Pearson, Mason G. Alexander, Jr.,* all of *Ogletree, Deakins, Nash, Smoak and Stewart,* Columbia, *for defendant.*

*Knox L. Haynsworth, Jr.,* and *James B. Spears, Jr.,* both of *Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards,* Greenville, *amicus curiae, for The Employers Ass'n of South Carolina, Inc., The Greater Greenville Chamber of Commerce, The South Carolina Bankers Ass'n, The South Carolina Council of the American Soc. of Personnel Admin., The South Carolina Chamber of Commerce, The Spartanburg Area Chamber of Commerce, The Spartanburg Development Ass'n, South Carolina League of Sav. Institutions* and *South Carolina Textile Mfrs. Ass'n.*

Heard Dec. 5, 1988.

Decided March 13, 1989.

*Per Curiam:*

Pursuant to Supreme Court Rule 46, we agreed to answer the following question certified by order of the Honorable Karen LeCraft Henderson, United States District Court for the District of South Carolina:

> Is the holding in *Small v. Springs Industries, Inc.,* 292 S. C. 481, 357 S. E. (2d) 452 (1987), to be given retroactive effect so as to permit a plaintiff whose employment was terminated before June 8, 1987,[1] the date the *Small* opinion was filed, to bring an action for breach of contract based on the provisions of an employee handbook?

---

[1] Judge Henderson's Order erroneously lists the filing date as May 26, 1987. *Small v. Springs Industries, Inc.,* 292 S. C. 481, 357 S. E. (2d) 452 (1987) was actually filed on June 8, 1987.

## FACTUAL BACKGROUND

Plaintiffs are employees "laid off" by defendant employer in January of 1986 and January of 1987. Plaintiffs filed suit in July and August of 1987 alleging breach of contract as a result of alleged violations of provisions included in an employee handbook. Defendants moved for summary judgment asserting that *Small v. Springs Industries, Inc., supra* could not be applied retroactively. In *Small,* we held that employee handbook provisions could be introduced as evidence in a breach of contract action against an employer. We accepted certification of the question of the retroactive application of *Small* in an order dated September 7, 1988.

## DISCUSSION

"[T]he general rule regarding retroactive application of judicial decisions is that decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retrospectively." *McCaskey v. Shaw,* 295 S. C. 372, 368 S. E. (2d) 672, 673 (Ct. App. 1988) citing *Bartlett v. Nationwide Mutual Fire Ins. Co.,* 290 S. C. 154, 157, 348 S. E. (2d) 530, 532 (Ct. App. 1986). "Prospective application is required when liability is created where formerly none existed." *Hupman v. Erskine College,* 281 S. C. 43, 44, 314 S. E. (2d) 314, 315 (1984).

To limit *Small* to prospective application, we must agree that it created a new cause of action, with liability where none previously existed. An inspection of previous cases involving prospective application is helpful. In *Ludwick v. This Minute of Carolina,* 287 S. C. 219, 337 S. E. (2d) 213 (1985), an employment law case, we first recognized the tort of retaliatory discharge, thereby creating a new cause of action and a new substantive right. Clearly, prospective only application was mandated, and this Court included a statement so directing in the body of the opinion itself. In *McCaskey v. Shaw, supra,* the Court of Appeals gave prospective only application to this Court's recognition of a tort for the negligent infliction of emotional distress.[2] As in

---

[2] *Kinard v. Augusta Sash and Door Company,* 286 S. C. 579, 336 S. E. (2d) 465 (1985) (recognizing tort of negligent infliction of emotional distress).

*Ludwick,* this created a new tort and therefore a new cause of action.

Other cases which have held prospective application to be appropriate include those in which immunities have been dissolved. These include: *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978) (statute abrogating parental immunity not retroactively applied); *Walton v. Stewart,* 277 S. C. 436, 289 S. E. (2d) 403 (1982) (abrogation of interfamily immunity[3] not retroactively applied); *Douglass v. Florence General Hospital,* 273 S. C. 716, 259 S. E. (2d) 117 (1979) (judicial[4] and statutory modification[5] of charitable immunity for hospitals not retroactively applied). These cases effected more than remedial or procedural changes. They created liability where none had previously existed. Further, both *Hyder* and *Douglass* involved statutes; the presumption for statutes is that they are to be prospectively applied. *Hyder, supra.*

The above-cited cases are examples of situations where retroactive relief would have been unfair and inappropriate. *Small* differs markedly from these situations. In *Small* we recognized no new right or cause of action; we abolished no previous immunities. *Small* involved an action for breach of contract. It is elementary that a cause of action for breach of contract is not a new one. Respondent argues that *Small* "substantially altered the doctrine of employment at-will to create contractual obligations ... where none had existed before." (Resp. brief p. 3). We do not agree that a new contractual obligation has been created. The companies themselves previously created the contractual obligations through promises made in employee handbooks. *Small* allowed the introduction of these handbooks as evidence of a contract. Employers cannot now be allowed to retract their promises and ignore handbooks they have drafted.

The use of employee handbook provisions in the construction of an employment relationship is not a novel idea. In fact, introduction of such provisions has previously been allowed in a *pro-employer* setting. This Court previously

---

[3] *Elam v. Elam,* 275 S. C. 132, 268 S. E. (2d) 109 (1980).

[4] *Brown v. Anderson County Hospital Association,* 268 S. C. 479, 234 S. E. (2d) 873 (1977).

[5] S. C. Code Ann. § 44-7-50 (1976).

upheld the dismissal of an employee because a handbook provision allowed "any employee [to be] dismissed or suspended by the city manager." *Dew v. The City of Florence*, 279 S. C. 155, 303 S. E. (2d) 664 (1983). Our Court of Appeals has also upheld consideration of handbook provisions in the construction of an employment relationship. *Hogsed v. Lancaster Area School Board of Trustees*, 283 S. C. 42, 320 S. E. (2d) 724 (Ct. App. 1984) (summary judgment inappropriate where evidence did not clearly establish employer's compliance with transfer provision included in handbook). In light of these past decisions upholding consideration of handbook provisions to construe employment contracts, respondents' claim that the *Small* decision was totally unforeshadowed is untenable.

Finally, we point out that this Court has already given retroactive effect to the *Small* decision through our holding in *Francisco v. Black River Electric Cooperative*, Mem. Op. 87-MO-325 (S. C. filed July 27, 1987). In *Francisco*, the plaintiff filed suit alleging breach of contract based on violations of employee handbook provisions. The *Small* case had not yet been decided. The trial judge sustained the defendant-employer's demurrer to the breach of contract cause of action. *Small* was subsequently filed, and Francisco appealed, arguing that he was entitled to proceed because he had stated a cause of action as recognized by *Small*. We agreed and reversed the trial judge's decision. Although we recognize that *Francisco* is a memorandum opinion without precedential value,[6] it nonetheless indicates that we have already implicitly allowed retroactive application of *Small*. By our holding today, we explicitly hold that *Small* is to be retroactively applied to causes of action arising prior to the date it was filed.

Certified question answered.

GREGORY, C. J., and FINNEY, J., dissenting in separate opinions.

GREGORY, Chief Justice, dissenting:

---

[6] See Supreme Court Rule 23.

Because I adhere to my dissenting view in *Small* and because today the majority misconstrues the effect of its holding in the case, I dissent.

It has been a long-standing rule of law in this State that an employment contract for an indefinite period is terminable at will and may be terminated at any time for any reason or for no reason at all. *See Todd v. S. C. Farm Bureau Mut. Ins. Co.*, 276 S. C. 284, 278 S. E. (2d) 607 (1981); *Shealy v. Fowler*, 182 S. C. 81, 188 S. E. 499 (1936). The only exception to this rule is the prohibition against discharge of an at-will employee in contravention of public policy. *See Ludwick v. This Minute of Carolina*, 287 S. C. 219, 337 S. E. (2d) 213 (1985); *see also* S. C. Code Ann. § 41-1-70 (Supp. 1988) (civil damages against employer for discharging employee complying with subpoena); § 41-1-80 (employer may not discharge employee for instituting workers' compensation action). An at-will employment contract is enforceable as to duration only if additional consideration is given. *Orsini v. Trojan Steel Corp.*, 219 S. C. 272, 64 S. E. (2d) 878 (1951); *Weber v. Perry*, 201 S. C. 8, 21 S. E. (2d) 193 (1942).

*Small* was an appeal from an order refusing the employer's motion for directed verdict on the ground the evidence established only an at-will employment contract. The employee presented no evidence of a new agreement supported by consideration to incorporate the provisions of the handbook into the existing at-will contract, nor did she allege any additional consideration that would have rendered her otherwise terminable contract enforceable as to duration. Under our existing employment law, the employer's motion for a directed verdict should have been granted. In holding to the contrary in *Small,* the majority in effect held that the mere existence of an employee handbook alters the nature of at-will employment. In my view, *Small* created a new contractual right to recover which should not be given retroactive effect.

Moreover, the unsettling effect of the *Small* decision on employer-employee relations in this state should not be further aggravated by extending *Small* retroactively. The unfairness of imposing a new contractual liability by law without notice is manifestly clear. For these reasons, I dissent.

FINNEY, Justice, dissenting:

I respectfully dissent for the following reasons.

First, as the certified question is presented, I believe the majority is in error to permit the retroactive application of *Small*. In *Small*, we said "it was for the jury to decide whether the handbook, the bulletin, and the oral assurances constituted an employment contract." *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452 (1987).

Second, even if *Small* did not create a new contractual right to recovery, it enormously expanded the right to recover and, I feel, should not be retroactively applied. In my view, the majority's holding offers the potential for disruption of settled legal principles governing contractual obligations.

*Third*, I find *Francisco v. Black River Electric Cooperative, Inc.*, Mem. Op. 87-MO-325 (S. C. filed July 27, 1987), to be distinguishable.

Therefore, I would hold that the *Small* decision may not be retroactively applied so as to allow a plaintiff to bring an action for breach of contract based on the provisions of an employee handbook.